UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL CASE NO. 06-465-KKC

MOUNTAIN AFTER HOURS CLINIC, et al.,                                             PLAINTIFFS,


vs.                                  **OPINION AND ORDER**


PHILIPS ELECTRONICS NORTH AMERICA
CORPORATION, et al.,                                                          DEFENDANTS.

\* \* \* \* \* \* \* \*

This matter is before the Court on Defendants' Motion to Stay Proceedings Pending

Arbitration [Rec. No. 10]. For the reasons stated below, the Court GRANTS Defendants'

Motion.

**I. BACKGROUND FACTS**

The Plaintiffs, Mountain After-Hours Clinic ("MMIC"), and Central Kentucky

Comprehensive Diagnostic and Imaging Center ("CMIC"), solicited quotes for CT scanners and

other nuclear medical equipment from the Defendants, Philips Electronics North America

Corporation ("PMS") and Philips Medical Systems (Cleveland) Inc. ("PMS-Cleveland").

On June 20, 2002, PMS provided and MMIC and CMIC accepted quotes ("the Quotes")

for two 16-slice IDT CT systems and two nuclear medicine cameras. [Rec. No. 1, Exhibits A and

B]. Correspondence between the parties during the months of August and September 2006 reflect

that PMS intended to ship the equipment with upgrades to Plaintiffs.[Rec. No. 1, Exhibits C and

D]. The Quotes also included a warranty which covered the equipment for an initial twelve

month period, which the parties assert was extended to fourteen months.  The purchase price

covered the cost of the initial warranty.  However, a four year extended warranty was available

for purchase at an additional cost.  Eventually,  Plaintiffs purchased this extended warranty. [Rec.

No. 1, Exhibits A and B].

In August, the parties signed a Customer Service Agreement which appears to include

service terms and conditions for the initial warranty and the extended term warranty. [Rec. No. 1,

Exhibits E and F]. This Customer Service Agreement contains an arbitration clause which states:

> Any controversy or claim arising out of or relating to this Contract or the breach
> thereof, shall be settled by arbitration in accordance with the Commercial
> Arbitration Rules of the American Arbitration association, and judgment upon the
> ward rendered by the Arbitrator(s) may be entered in any court having jurisdiction
> thereof.

Relying on the arbitration clause in the Customer Service Agreement, the defendants have

asked this court to stay this proceeding pending arbitration.

## II. ANALYSIS

"The Federal Arbitration Act ("FAA") provides that arbitration clauses in commercial

contracts "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or

in equity for the revocation of any contract." 9 U.S.C. § 2. If a court determines that the cause of

action is covered by an arbitration clause, it must stay the proceedings until the arbitration

process is complete." *Fazio v. Lehman Bros., Inc*., 340 F.3d 386, 392 (6ᵗʰ Cir. 2002); 9 U.S.C. §

3.

In considering a motion to stay and compel arbitration, the Court must consider the

following: "first, it must determine whether the parties agreed to arbitrate; second, it must

determine the scope of that agreement; third, if federal statutory claims are asserted, it must

consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court

concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration." *Fazio*, 340 F.3d at 392.

## a. Agreement to Arbitrate

The Customer Service Agreement signed by both parties, includes an arbitration clause. [Rec. No.1, Exhibits E and F]. An arbitration agreement can be invalidated for the same reasons that any contract may be invalidated. *Fazio*, 340 F.3d at 393. The Plaintiffs do not argue that the arbitration clause is invalid.  Instead,  they contend that the claims asserted do not fall within the scope of the otherwise valid arbitration clause. .

## b. Scope of the Arbitration Agreement

"District courts have the authority to decide, as a threshold matter, whether an issue is within the scope of an arbitration agreement. A proper method of analysis here is to ask if an action could be maintained without reference to the contract or relationship at issue. If it could, it is likely outside the scope of the arbitration agreement." *Fazio*, 340 F.3d at 395 (citations omitted).

In the Complaint, Plaintiffs assert a number of claims including, breach of contract, breach of express warranty, breach of implied warranty, breach of implied covenant of good faith and fair dealing, negligent misrepresentation, and fraudulent misrepresentation. [Rec. No. 1, Complaint]. Plaintiffs also reference numerous documents in the Complaint, including the Quotes, acknowledgment letters, and the Customer Service Agreement, referring to these documents collectively as "the Agreements." [Rec. No. 1, Complaint, pg. 12].

The arbitration clause is found  in the Customer Service Agreement. [Rec. No. 1, Exhibits

E and F]. The Customer Service Agreement states that the agreement is for a period of forty-eight

months and begins at the conclusion of the initial warranty (the date November 1, 2003 is

handwritten above this sentence indicating that the extended warranty period begins on this date)

and states the total annual cost of the extended warranty. Thus, initially the Customer Service

Agreement appears to cover only the extended warranty. However, the agreement also contains a

2002 official holiday schedule signaling the dates on which service will not be provided and

includes two separate sections for terms and conditions, one titled "Service Terms and

Conditions", and the other, "Extended Term Warranty Terms and Conditions." [Rec. No. 1,

Exhibits E and F]. Furthermore, the Quotes appear to contemplate that the service of the

equipment would be covered by a separate support agreement. [Rec. No. 1, Exhibit A and B, pg.

17, ¶ 2]. Nevertheless, the Customer Service Agreement references both an initial warranty and

the four-year extended warranty.

"An arbitration clause cannot cover disputes arising out of or relating to contracts that

pre-date the clause unless the agreement containing the clause expressly contemplates such

retroactivity." *Verizon Advanced Data, Inc. v. Frognet, Inc.*, 2006 WL 2373265 (S.D.Ohio 2006)

citing *Security Watch, Inc. v. Sentinel Systems, Inc.*, 176 F.3d 369 (6th Cir. 1999).   Although the

Quotes and  acknowledgment letters were executed prior to the Customer Service Agreement, the

Customer Service Agreement contains a merger clause which specifies that "[t]his agreement

supersedes any and all prior Agreements, understandings or arrangements made between the

parties and relating to the *subject matter hereof*." *Id* (emphasis added). Thus, the merger clause

encompasses all agreements regarding warranties and service of the covered equipment.

The Customer Service Agreement also contains a paragraph titled "Controlling

Provisions", which states "[t]hese terms and conditions and the attached service description for the Agreement type identified within the proposal will govern the transaction described on the face hereof and will amend any terms and conditions of Customer's order to the extent that a conflict exists." [Rec. No. 1, Exhibits E and F]. This provision refers specifically to the customer order, or in this case, the Quotes. The provision makes clear that the terms of the Customer Service Agreement apply to the service and warranties of the equipment and to the extent that the Quotes contains different service and warranty information, the Customer Service Agreement controls.

"Merger clauses are routinely incorporated in agreements in order to signal to the courts that the parties agree that the contract is to be considered completely integrated. A completely integrated agreement must be interpreted on its face, and thus the purpose and effect of including a merger clause is to preclude the subsequent introduction of evidence of preliminary negotiations or of side agreements in a proceeding in which a court interprets the document." *Security Watch, Inc.*, 176 F.3d at 372. .

The arbitration clause is located in a section of the Customer Service Agreement titled "Extended Term Warranty Terms and Conditions." Plaintiffs contends, therefore, that the arbitration clause applies only to the issue of extended warranties and that it does not apply to the entire agreement. Plaintiff further maintains that the provisions of the Customer Service Agreement which govern this dispute are contained in a section entitled "Service Terms and Conditions," which doesn't contain an arbitration provision. As such, plaintiff contends that the arbitration provision is inapplicable to the claims in this case.

"It is a well-established rule that any doubts regarding arbitrability should be resolved in

favor of arbitration." *Fazio*, 340 F.3d at 392. "[I]n cases involving broad arbitration clauses the Court has found the presumption of arbitrability particularly applicable, and only an express provision excluding a particular grievance from arbitration or the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." *United Steelworkers of America v. Mead Corp.*, 21 F.3d 128, 131 (6ᵗʰ Cir. 1994). Courts have construed the phrase "arising out of or relating to" broadly, "interpreting it to encompass all claims, contractual or tort, which touch upon matters covered by the agreement." *Orcutt v. Kettering Radiologists, Inc.*, 199 F.Supp.2d 746, 753 (S.D.Ohio 2002). Thus, this court concludes that all claims as to service and warranties covered by the Customer Service Agreement are subject to arbitration.

"The general rule is that a party cannot be forced to arbitrate any dispute that it has not obligated itself by contract to submit to arbitration." *Vemco, Inc. v. Flakt*, 96 F.3d 1449, *3 (6ᵗʰ Cir. 1996)(unpublished). Thus, Plaintiffs' claims which are unrelated to warranties or servicing the equipment  are not subject to arbitration.

**c. Stay Pending Arbitration**

"If a court determines that the cause of action is covered by an arbitration clause, it must stay the proceedings until the arbitration process is complete." *Fazio*, 340 F.3d at 392; 9 U.S.C. § 3.  "If the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration." *Id.* Plaintiffs claims based on the Customer Service Agreement, including disputes regarding the service of the equipment, initial warranty or extended warranty, are subject to arbitration, and the parties are to directed to proceed in that forum. Plaintiffs' claims that do not relate to the Customer Service Agreement are not subject to arbitration, however, the Court, in its

6

discretion, determines that these nonarbitrable claims should be stayed pending arbitration of the other claims. *See generally Orcutt*, 199 F.Supp.2d at 757-58

## III. CONCLUSION

Accordingly, it is ORDERED as follows:

(1)     Defendants Motion to Stay the Proceedings Pending Arbitration [Rec. No. 10] is

GRANTED;

(2)     within 30 days after arbitration of those claims arising out of the Customer

Service Agreement, Plaintiffs shall file a motion to lift the stay, along with a

status report specifying any nonarbitrable claims that remain. In the event that

arbitration is not completed within twelve (12) months of entry of this order, the

parties shall provide the Court with a joint status report advising the Court of the

status of the matter.

Dated this 23rd day of April, 2007.

Signed By:

*Karen K. Caldwell*

United States District Judge